IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ACT II JEWELRY, LLC d/b/a/ lia sophia, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WENDY GIESLER, TERRY GIESLER, )<br>MARGARET GRUNOW, DAWN )<br>HIGGINS, RONALD JENSEN, )<br>GARY GRUNOW, LISA NAVINE, )<br>DANIEL DARLING and )<br>RICHARD WELCHER, )<br>)<br>Defendants. ) | Case No. 09-cv-07715<br>Judge Bucklo (Denlo) |

## FINAL JUDGMENT ON CONSENT AS TO DEFENDANTS
## MARGE GRUNOW, DAWN HIGGINS AND WENDY GIESLER PONTO

Plaintiff Act II Jewelry LLC d/b/a lia sophia having filed a Second Amended Complaint against defendants Margaret Grunow, Dawn Higgins and Wendy Giesler Ponto (named Wendy Giesler in the pleadings) (collectively "Defendants"), among others, charging Defendants with breach of contract, fraud, fraudulent inducement, conspiracy and trademark counterfeiting and infringement; and the parties named herein having reached a settlement of their disputes which includes entry of the Final Judgment On Consent; and for good cause shown; it is hereby

ORDERED, ADJUDGED AND DECREED as between the parties hereto that:

1. This Court has jurisdiction over the parties and over the subject matter hereof pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

2. Defendants Margaret Grunow, Dawn Higgins and Wendy Giesler Ponto are hereby enjoined:

(a) From selling, offering for sale, advertising, purchasing or acquiring with intent to resell (either by themselves or through any other person), shipping, transshipping, or any other commercial activity, related to any product bearing the trademark "lia sophia."

(b) From providing or permitting the use of any identifying information of theirs (including, without limitation, their name, address, Social Security number, or email address) to any person known by them to intend to use such information to acquire product marked with the trademark "lia sophia."

3. Monetary Judgment in the amount of One Million Dollars ($1,000,000.00) is awarded and entered herein, jointly and severally as to defendants Margaret Grunow, Dawn Higgins and Wendy Giesler Ponto.

4. All claims by Plaintiff against Defendants, except to the extent of the relief contained herein, are dismissed with prejudice.

5. Nothing herein will affect Plaintiff's claims against any other defendant.

6. The exclusive jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Any motion or proceedings under this Paragraph 6 shall be venued in the United States District Court for the Northern District of Illinois and the parties consent to this Court's venue and personal jurisdiction for any such motion or proceeding under this Paragraph 6.

7. This Final Judgment On Consent shall be binding on the parties, and their successors and assigns. This Final Judgment On Consent shall be freely assignable to the fullest extent permitted by law.

8. This Final Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

**IT IS SO ORDERED**:

Dated: _____
Hon. Elaine Bucklo, U.S.D.J.

## CONSENT

The undersigned hereby consent to the entry of a Final Judgment On Consent in the form annexed hereto or in such other form as the Court may approve.

                                              ACT II JEWELRY, LLC
                                              By their agent, KALOW & SPRINGUT LLP

Dated: January 24, 2011                      By: _____
                                                                    Milton Springut

                                              MARGARET GRUNOW, defendant *pro se*

Dated: January 20, 2011                      _____

                                              DAWN HIGGINS, defendant *pro se*

Dated: January ___, 2011                    _____

                                              WENDY GIESLER PONTO, defendant *pro se*

Dated: January ___, 2011                    _____

## CONSENT

The undersigned hereby consent to the entry of a Final Judgment On Consent in the form annexed hereto or in such other form as the Court may approve.

                                          ACT II JEWELRY, LLC
                                          By their agent, KALOW & SPRINGUT LLP

Dated: January ___, 2011            By:_____
                                                Milton Springut

                                          MARGARET GRUNOW, defendant *pro se*

Dated: January ___, 2011            _____

                                          DAWN HIGGINS, defendant *pro se*

Dated: January 21, 2011            /s/ Dawn Higgins

                                          WENDY GIESLER PONTO, defendant *pro se*

Dated: January ___, 2011            _____

CONSENT

The undersigned hereby consent to the entry of a Final Judgment On Consent in the form annexed hereto or in such other form as the Court may approve.

                                              ACT II JEWELRY, LLC
                                              By their agent, KALOW & SPRINGUT LLP

Dated: January ___, 2011                    By:_____
                                                   Milton Springut

                                              MARGARET GRUNOW, defendant *pro se*

Dated: January ___, 2011                      _____

                                              DAWN HIGGINS, defendant *pro se*

Dated: January ___, 2011                      _____

                                              WENDY GIESLER PONTO, defendant *pro se*

Dated: January 22, 2011                     */s/ Wendy Giesler Ponto*