## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ACT II JEWELRY, LLC d/b/a/<br>lia sophia, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09-C-07715 |
| v. | ) | Judge Elaine E. Bucklo |
| | ) | |
| WENDY GIESLER, TERRY GIESLER, | ) | |
| MARGARET GRUNOW, DAWN | ) | |
| HIGGINS, RONALD JENSEN, | ) | |
| GARY GRUNOW, LISA NAVINE, | ) | |
| DANIEL DARLING and | ) | |
| RICHARD WELCHER, | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL JUDGMENT ON CONSENT
## AS TO DEFENDANT LISA NAVINE

Plaintiff Act II Jewelry LLC d/b/a lia sophia having filed an Amended Complaint against

defendant Lisa NAVINE ("Defendant"), among others, charging such defendant with breach of

contract, fraud, fraudulent inducement and conspiracy; and Default having been entered against

such Defendant; and the parties named herein having reached a settlement of their disputes

which includes entry of a Final Judgment On Consent; and for good cause shown; it is hereby

ORDERED, ADJUDGED AND DECREED as between the parties hereto that:

1.      This Court has jurisdiction over the parties and over the subject matter hereof

pursuant to 28 U.S.C. § 1332.

2.      Defendant Lisa Navine acknowledges that (1) she knowingly permitted her

Advisor account with Plaintiff to be used by co-defendant Dawn Higgins to order product from

Plaintiff and to divert same to sales on the internet, including on eBay; and (2) she is liable for fraud and civil conspiracy to commit fraud.

3.  Defendant Lisa Navine is hereby enjoined:

   (a) From selling, offering for sale, advertising, purchasing or acquiring with intent to resell (either by herself or through any other person), shipping, transshipping, or any other commercial activity, related to any product bearing the trademark "lia sophia."

   (b) From providing or permitting the use of any identity information of hers (including, without limitation, his name, address, Social Security number, or email address) to any person known by Defendant to intend to use such information to acquire product marked with the trademark "lia sophia."

4.  All claims by Plaintiff against Defendant, except to the extent of the relief contained herein, are dismissed with prejudice.

5.  Nothing herein will affect Plaintiff's claims against any other defendant.

6.  All parties are to otherwise bear their own costs and attorney's fees.

7.  The exclusive jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Any motion or proceedings under this Paragraph 7 shall be venued in the United States District Court for the Northern District of Illinois and the parties consent to this Court's venue and personal jurisdiction for any such motion or proceeding under this Paragraph 7.

8.     This Final Judgment On Consent shall be binding on the parties, and their successors and assigns.  This Final Judgment On Consent shall be freely assignable to the fullest extent permitted by law.

9.     This Final Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.


**IT IS SO ORDERED**:


Dated:                                        _____
                                                   Hon. Elaine Bucklo, U.S.D.J.

## CONSENT

The undersigned hereby consent to the entry of a Final Judgment Upon Consent in the form annexed hereto or in such other form as the Court may approve.

ACT II JEWELRY, LLC
By their agent, KALOW & SPRINGUT LLP

Dated: ~~January~~ March 14 ___, 2011

By: _____
Milton Springut

LISA NAVINE, defendant *pro se*

Dated: ~~January~~ MARCH 9, 2011

By: _____